BURNETTA DENMARK, Respondent, v. CITY OF NEW YORK et al., Appellants.— Order, Supreme Court, New York County, entered on July 26, 1971, insofar as appealed from, unanimously reversed, on the law and the facts, without costs and without disbursements, and the jury's verdict in favor of the defendants on the cause of action for assault is reinstated. After a trial before a jury, a verdict was rendered in favor of the defendants on each of the causes of action, i.e., false arrest, malicious prosecution, and assault. Thereafter, upon plaintiff's motion the trial court set the verdict aside with respect to the cause of action for assault. We find that such was error. The law is clear that: "When the motion is by the plaintiff to set aside a verdict in favor of defendant, the motion should not be granted unless the evidence preponderated so greatly in plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence (*Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, 544, affd. 9 N Y 2d 829; *Areson* v. *Hempstead Bus Corp.*, 14 A D 2d 790; *Musumeci* v. *Pillsbury Mills*, 12 A D 2d 941; *Holpp* v. *Carafa*, 8 A D 2d 617)." (*Pertofsky* v. *Drucks*, 16 A D 2d 690.) In our opinion there was ample evidence upon which the jury could find in favor of defendants. The trial court concluded, in effect that there was no testimony of probative value which contradicted the plaintiff's testimony as to how she sustained injury. However, the record reveals testimony not only by one of the arresting officers, but by other officers not involved, which contradicted in material respects plaintiff's version of the incident and which submitted for the jury's consideration facts and circumstances tending to show that no assault ever occurred. Such evidence, when combined with plaintiff's own testimony, containing various inconsistencies, created questions of fact for the jury's determination. Concur — Markewich, J. P., Nunez, Murphy, Tilzer and Macken, JJ.